SUSAN L. CALDWELL (SBN: 190421)
**CALDWELL LAW GROUP**
9701 Wilshire Blvd., Tenth Floor
Beverly Hills, CA 90212
Telephone: (310) 858-7000
Facsimile: (310) 858-7008
E-Mail: scaldwell@caldwelllaw.com

Attorneys for Defendant
    MATHIS BROS. OKLAHOMA CITY, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNI – EASTERN DIVISION

| | |
|---|---|
| COUNTY OF SAN BERNARDINO, a governmental entity, <br><br> Plaintiff, <br> v. <br><br> UNITEDHEALTH GROUP INCORPORATED; UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY; OPTUM SERVICES, INC.; UNITED MEDICAL RESOURCES, INC.; LAS VEGAS SANDS CORP.; MATHIS BROTHERS OKLAHOMA CITY, LLC; and DOES 1-11, inclusive, <br><br> Defendants. | CASE NO.: 5:21-cv-00595 <br><br> **NOTICE OF REMOVAL OF ACTION BY DEFENDANT MATHIS BROS. OKLAHOMA CITY, LLC BASED UPON 28 USC §1441(A) FEDERAL QUESTION AND 28 USC §1441(B) – DIVERSITYJURISDICTION** <br><br> [*Concurrently filed with Declarations of Susan L. Caldwell and Kurt Rupert in Support of Notice of Removal*] |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant Mathis Bros. Oklahoma City, LLC

pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, hereby removes to the

1

United States District Court the state court action described below.

## I.    JURISDICTION

This action is a civil action over which this Court has exclusive original jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a),(b).

## II.    STATE COURT ACTION

1.    On or about January 20, 2021, Plaintiff County of San Bernardino (the "County" or "Plaintiff") filed a Summons and Complaint in the Superior Court of California, County of San Bernardino, styled *County of San Bernardino v. UnitedHealth Group Incorporated; United Healthcare Services, Inc.; UnitedHealthCare Insurance Company; Optum Services, Inc.; United Medical Resources, Inc.; Las Vegas Sands Corp.; Mathis Brothers Oklahoma City, LLC; and Does 1-11, inclusive*, Case No. CIV SB 2102590.[1]

2.    The Summons and Complaint were served upon Defendant Mathis Bros. Oklahoma City, LLC[2] ("Mathis") on March 4, 2021. Defendant Mathis is/was the first-served of the Defendants – and is informed that all other Defendants, if served, were served on/or after March 5, 2021.

---

[1] See, Exhs. A and B, hereto, and ¶8 to the Declaration of Susan Caldwell, filed concurrently.

[2] In its Complaint, Plaintiff erroneously named Mathis Bros. Oklahoma City, LLC as "Mathis Brothers Oklahoma City, LLC." Notice of Acknowledgement of service corrected the erroneous naming.

2

3.    True and correct copies of all pleadings and process filed in this matter are attached hereto, documents are further authenticated in the concurrently filed Declaration of Susan L. Caldwell in support of Notice of Removal.

## III.    PROCEDURAL STATEMENT

4.    This Notice of Removal is filed within thirty (30) days of receipt of the County's Complaint and is timely pursuant to 28 U.S.C. § 1446(b) and is timely.

    a.    Defendant Mathis Bros. Oklahoma City, LLC ("Mathis") was served with the Complaint by way of an emailed Notice of Acknowledgement received March 4, 2021.

    b.    Mathis was the first-served Defendant on March 4, 2021, with the remaining Defendants being served on/after March 5, 2021 – if served.

5.    Venue is proper in this District because Plaintiff's Complaint was filed in the Superior Court of California, County of San Bernardino, which is within the Eastern Division of the Central District of California. 28 U.S.C. § 84(c)(1).

## IV.    BASIS FOR REMOVAL – COMPLETE DIVERSITY

6.    This action is removed pursuant to 28 U.S.C. § 1441(b) as an action involving a controversy wholly between citizens of different states in which the amount of controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

    a.    Plaintiff County of San Bernardino ("County") is domiciled and located within the State of California.

3

b.  Moving Party/Defendant Mathis is an Oklahoma limited liability company with its principal place of business in the State of Oklahoma. Mathis' members are all domiciled in the State of Oklahoma: Mathis Holding, Inc. (incorporated in Oklahoma, principal place of business in Oklahoma); the Billy James Mathis 1972 Irrevocable Trust (testator is domiciled in Oklahoma); and the Larry Don Mathis 1972 Irrevocable Trust (testator is domiciled in Oklahoma).

    i.  Mathis was served with the Complaint on <u>March 4, 2021</u>, by way of a Notice of Acknowledgement received and signed by and on behalf of Mathis on March 4, 2021.[3]

    ii.  Mathis is believed to be the first-served Defendant in this action and thus timely files this Notice of Removal.[4]

c.  Defendant UnitedHealth Group Incorporated ("UnitedHealth") is incorporated under the laws of the State of Delaware and its principal place of business is located in Minnetonka, Minnesota.

    i.  Based upon information and belief, UnitedHealth was either not served with the complaint or service was attempted/made

---

[3] See Exh. C, hereto, and ¶8 to the concurrently filed Declaration of Susan Caldwell.
[4] See Declaration of Susan L. Caldwell at ¶3, filed concurrently.

**NOTICE OF REMOVAL PER 28 USC 1441(A)  28 USC 1441(b) – FEDERAL QUESTION/DIVERSITY**

on/after March 5, 2021, whereby this Notice of Removal is timely.

    ii.  A meet and confer has occurred in advance of this Notice of Removal being filed, and UnitedHealth has consented to Removal to the District Court.[5]

d.  Defendant United HealthCare Services, Inc. ("UHS") is incorporated under the laws of the State of Minnesota and its principal place of business is located in Minnetonka, Minnesota.

    i.  Based upon information and belief, UHS was either not served with the complaint or service was attempted/made on/after March 5, 2021, and that this Notice of Removal is timely.

    ii.  A meet and confer has occurred in advance of this Notice of Removal being filed, and UHS has consented to Removal to the District Court.

e.  Defendant UnitedHealthcare Insurance Company ("UHIC") is incorporated under the laws of the State of Connecticut and its principal place of business is located in Hartford, Connecticut.

---

[5] See Declaration of Kurt Rupert, at ¶¶ 4-6,9-11 of Exh. 1 to the Declaration of Susan Caldwell, regarding meet and confers with defendants, and ¶ 4-6 to the Caldwell Decl. re: meet and confer undertaken with Plaintiff's counsel.

**NOTICE OF REMOVAL PER 28 USC 1441(A)  28 USC 1441(b) – FEDERAL QUESTION/DIVERSITY**

i.  Based upon information and belief, UHIC was either not served with the complaint or service was attempted/made on/after March 5, 2021, and that this Notice of Removal is timely.

ii.  A meet and confer has occurred in advance of this Notice of Removal being filed, and UHIC has consented to Removal to the District Court.

f.  Defendant Optum Services, Inc. ("Optum") is incorporated under the laws of the State of Delaware and its principal place of business is located in Eden Prairie, Minnesota.

i.  Based upon information and belief, Optum was either not served with the complaint or service was attempted/made on/after March 5, 2021, and that this Notice of Removal is timely.

ii.  A meet and confer has occurred in advance of this Notice of Removal being filed, and Optum has consented to Removal to the District Court.

g.  Defendant UMR, Inc. ("UMR") – erroneously named as "United Medical Resources, Inc." is incorporated under the laws of the State of Delaware and its principal place of business is located in Wausau, Wisconsin.

6

**NOTICE OF REMOVAL PER 28 USC 1441(A) 28 USC 1441(b) – FEDERAL QUESTION/DIVERSITY**

i.  In its Complaint, Plaintiff alleges this Defendant to be the Third-Party Administrator of the subject health plan defendants in this lawsuit and/or for the patients involved in the claims of monies owed (Complaint, at Exh. A hereto, ¶ 9) and to have received bills for services (Complaint, at Exh. A, ¶ 13).[6]

ii.  UMR, Inc. is the Third-Party Administrator for the subject health plan defendants in this case ("UnitedHealth Defendants") but was erroneously named as "United Medical Resources, Inc." to this lawsuit.[7]

iii.  Defendant "United Medical Resources, Inc." is not related to the UnitedHealth Defendants and/or subject health plan defendants in this case, is not their Third-Party Administrator, and has no connection to this dispute. Based on publicly available information, this entity appears to provide in-home care services unrelated to any of the allegations of this Complaint.[8]

---

[6] See the Complaint at Exh A, hereto, and the Declaration of Kurt Rupert, at ¶7 at Exh. 1 to the Declaration of Susan Caldwell, filed concurrently.
[7] See Declarations of Kurt Rupert ¶ 8, Declaration of Susan Caldwell ¶ 5, filed concurrently.
[8] See Declarations of Kurt Rupert ¶¶ 7-8, Declaration of Susan Caldwell ¶5, filed concurrently.

7

**NOTICE OF REMOVAL PER 28 USC 1441(A) 28 USC 1441(b) – FEDERAL QUESTION/DIVERSITY**

      iv.  Based upon information and belief, UMR was either not served with the complaint or service was attempted on/after March 5, 2021, and that this Notice of Removal is timely.

      v.  A meet and confer has occurred in advance of this Notice of Removal being filed, and UMR has consented to Removal to the District Court.

h.  Defendant Las Vegas Sands Corp. ("LV Sands") is incorporated under the laws of the State of Nevada and its principal place of business is located in Las Vegas, Nevada.

      i.  Based upon information and belief, LV Sands was served with the complaint on March 5, 2021, and that this Notice of Removal is timely.

      ii.  A meet and confer has occurred in advance of this Notice of Removal being filed, and LV Sands has consented to Removal to the District Court.

7.  Furthermore, the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff claims actual damages in excess of $667,850, in addition to interest, costs, and attorney's fees. (Complaint, ¶ 81). Accordingly, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.

8

## V.    BASIS FOR REMOVAL – FEDERAL QUESTION

8.    This action is also removed pursuant to 28 U.S.C. § 1441(a) as an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331.

9.    Plaintiff initiated this action against Defendants for failure to "properly pay" for health care services rendered by Arrowhead Regional Medical Center ("ARMC") to two patients (the "Patients"). Plaintiff alleges that the Patients were employed by Mathis and LV Sands; that the Patients were beneficiaries of Mathis' and LV Sands' self-funded health plans (the "Plans"); and that ARMC provided services to the Patients. Plaintiff further alleges that Defendants wrongfully underpaid on claims for reimbursement of the services provided to the Patients. In its Complaint, Plaintiff asserts the following causes of action: promissory estoppel; negligent misrepresentation; breach of implied-in-law contract; breach of implied-in-fact contract; and a common count against all Defendants for failure to pay for the services provided to the Patients. Essentially, Plaintiff contends that Defendants reimbursed in an amount less than the amounts charged by Plaintiff for services based on Plaintiff's determination of "reasonable and customary" charges. Although Plaintiff couches its claims as state-law causes of action, Plaintiff's allegations confirm that this dispute arises under federal law – specifically, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").

9

10.     Plaintiff's claims are completely preempted by ERISA under its civil enforcement scheme at 29 U.S.C. § 1132(a) because (1) they could have been brought under ERISA; and (2) they do not implicate any other independent legal duty that Defendants owed to Plaintiff. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).

11.     Courts apply the "well-pleaded complaint" rule to determine whether claims arise under federal law, which mandates that "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law…." *Davila*, 542 U.S. at 207 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983)). However, the rule does not apply "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)). "When the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.*

12.     ERISA provides for federal jurisdiction where one or all of Plaintiff's claims against one or all Defendants arise under and are within the scope of 29 U.S.C. § 1132(a), the civil enforcement provision of ERISA. Specifically, 29 U.S.C. § 1132(a)(1)(B) provides that a participant or beneficiary may be brought "to recover

10

1    benefits due to him under the terms of his plan, [or] to enforce his rights under the

2    terms of the plan..." 29 U.S.C. § 1132(a)(1)(B). Also, 29 U.S.C. § 1132(a)(3) permits

3    a participant, beneficiary or fiduciary to enjoin any act or practice which violates

4    ERISA or the plan, or "to obtain other appropriate equitable relief" to redress such

5

6    violations or enforce ERISA or the plan. 29 U.S.C. § 1132(a)(3).

7        13.    The Supreme Court has held that "any state-law cause of action that

8    duplicates, supplements, or supplants the ERISA civil enforcement remedy

9

10   conflicts with the clear congressional intent to make the ERISA remedy

11   exclusive and is therefore pre-empted." *Davila,* 542 U.S. at 209.

12

13       14.    Therefore, based on the claims asserted in Plaintiff's Complaint, this

14   action is completely preempted by ERISA and removed on the following

15

16   independent grounds:

17           a.  This is a civil action over which this Court has original jurisdiction

18   pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132, as well as supplemental

19

20   jurisdiction under 28 U.S.C. § 1367;

21           b.  The subject health Plans are self-funded, employee benefit plans, as

22   defined in 29 U.S.C. § 1002(1) & (3), which are established or maintained by an

23

24   "employer" or "employee organization" as those terms are defined in 29 U.S.C.

25   § 1002(5). The Plans, therefore, are subject to the provisions of ERISA;

26

27                                           11

28   **NOTICE OF REMOVAL PER 28 USC 1441(A)  28 USC 1441(b) – FEDERAL QUESTION/DIVERSITY**

c. The Patients were "participants" or "beneficiaries" in the employee benefit health Plans pursuant to 29 U.S.C. § 1002(7) and/or 29 U.S.C. § 1002(8);

d. Plaintiff claims entitlement to relief in connection with the ERISA-governed health Plans covering the Patients. Accordingly, Plaintiff's claims are preempted and displaced by ERISA;

e. Although Plaintiff does not allege that its claims derive from the Patients' rights under the Plans, Plaintiff is seeking payments based on alleged representations and authorizations that the Plans' representatives made regarding the Patients' rights to certain benefits under the Plans. (Complaint ¶¶ 30-31, 35-36);

f. Plaintiff alleges that it submitted claims to the Plans for services it rendered to the Patients and that the Plans processed those claims. (Complaint ¶¶ 32, 37, 45). Plaintiff cannot dispute that it believed it had standing under ERISA 29 U.S.C. §§ 1132(a)(1)(B) and/or (a)(3) to assert a claim for benefits under the Plan, to seek to enforce provisions of the Plan or ERISA, or seek other equitable relief;

g. Plaintiff also alleges that it verified with the Plans that the Patients had coverage under the Plans and that the services provided would be covered under the Plans before providing services. (Complaint ¶¶ 43, 49). Plaintiff further alleges it expected to be paid a "reasonable value" for services provided. (Complaint ¶¶ 45, 50, 57, 73, 80). Plaintiff's allegations reflect that Defendants would pay for services pursuant to the Plans' terms regarding coverage for services. Plaintiff's claims are

**NOTICE OF REMOVAL PER 28 USC 1441(A)  28 USC 1441(b) – FEDERAL QUESTION/DIVERSITY**

therefore not separate and distinct from ERISA—each of its claims concern an act

of Plan administration governed by ERISA. Plaintiff's claims do not implicate any

legal duty independent of ERISA. Accordingly, ERISA completely preempts

Plaintiff's claims.

h.   In addition and alternatively, this Court has federal question jurisdiction

of this matter under ERISA and, to the extent this Court should determine that any

of Plaintiff's claims are not preempted by ERISA, this Court would have

supplemental jurisdiction over such claims under 28 U.S.C. § 1367. Such claims are

so related to claims in the action within the Court's original jurisdiction that they

form part of the same case or controversy under Article III of the United States

Constitution.

## VI.    THIS COURT MAY ASSERT SUPPLEMENTAL JURISDICTION OVER REMAINING STATE LAW CLAIMS

15.    Because the causes of action of the Complaint were couched as state

law claims but could have been filed under ERISA and are subject to preemption, to

the extent the Court deems any causes of action to be independent of federal law, it

may exercise supplemental jurisdiction. 28 U.S.C. § 1367(a). Plaintiff's causes of

action, to the extent not wholly preempted, are nonetheless related to the federal

questions as they form part of the "same controversy" and are thus subject to this

Court's supplemental jurisdiction. *Lehman Bros., Inc. v City of Lodi,* 333 F.Supp.2d

13

**NOTICE OF REMOVAL PER 28 USC 1441(A) 28 USC 1441(b) – FEDERAL QUESTION/DIVERSITY**

questions as they form part of the "same controversy" and are thus subject to this Court's supplemental jurisdiction. *Lehman Bros., Inc. v City of Lodi,* 333 F.Supp.2d 895, 906, n.19 (E.D. al. 2004) (exercising supplemental jurisdiction over plaintiff's state law claims after finding CERCLA claim was before the Court); see, also, *Piccolini v Simon's Wrecking*, 686 F.Supp. 1063, 1068 (M.D. Pa. 1988).

## VII.  OTHER DEFENDANTS & NOTICE TO STATE COURT

16.    Each Defendant has consented to the removal of this action and will file Consent and/or Joinders to Removal contemporaneously with this Notice of Removal.

17.    A copy of this Notice of Removal is being served upon Plaintiff's counsel and filed with the Clerk of the above-referenced state court, in accordance with the requirements of 28 U.S.C. § 1446(d).

WHEREFORE, Defendant Mathis Bros. Oklahoma City, LLC gives notice that the above-entitled action now pending in the Superior Court of California, County of San Bernardino, is hereby removed to this Court.

Respectfully submitted,

Dated: April 2, 2021                    CALDWELL LAW GROUP

SUSAN L. CALDWELL
Attorneys for Defendant Mathis Bros.
Oklahoma City, LLC

14

NOTICE OF REMOVAL PER 28 USC 1441(A) 28 USC 1441(b) – FEDERAL QUESTION/DIVERSITY

**EXHIBIT A**

COPY

1  KATHERINE M. DRU (State Bar No. 280231)
   BRIDGET A. GORDON (State Bar No. 287098)
2  **HOOPER, LUNDY & BOOKMAN, P.C.**
   1875 Century Park East, Suite 1600
3  Los Angeles, California 90067-2517
   Telephone: (310) 551-8111
4  Facsimile: (310) 551-8181
   E-Mail:   kdru@health-law.com
5
6  Attorneys for County of San Bernardino

EXEMPTION FROM FILING FEES
[GOV. CODE § 6103]

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 20 2021

BY _____
NATHANIEL JOHNSON, DEPUTY

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **COUNTY OF SAN BERNARDINO**

| | |
|---|---|
| 11  COUNTY OF SAN BERNARDINO, a governmental entity,<br><br>Plaintiff,<br><br>vs.<br><br>UNITEDHEALTH GROUP INCORPORATED; UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY; OPTUM SERVICES, INC.; UNITED MEDICAL RESOURCES, INC.; LAS VEGAS SANDS CORP; MATHIS BROTHERS OKLAHOMA CITY. LLC; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) **PROMISSORY ESTOPPEL;**<br>(2) **NEGLIGENT MISREPRESENTATION;**<br>(3) **BREACH OF IMPLIED-IN-LAW CONTRACT (EMERGENCY SERVICES);**<br>(4) **BREACH OF IMPLIED-IN-FACT CONTRACT (POST-STABILIZATION SERVICES);**<br>(5) **COMMON COUNT;**<br><br>**AND DEMAND FOR JURY TRIAL** |

**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

COMPLAINT

Plaintiff County of San Bernardino (the "County") complains and alleges against defendants as follows:

1.      This lawsuit arises out of the repeated failures of the Defendants to properly pay the County of San Bernardino (the "County") for bills for health care services rendered by the County hospital, Arrowhead Regional Medical Center ("ARMC"), to two patients (the "Patients"). The aggregate amount of the underpayments to County exceeds $667,850, plus applicable interest, as well as applicable penalties and fees.

**THE PARTIES**

2.      ARMC is a 456-bed teaching hospital licensed by the State of California Department of Public Health and owned and operated by the County.  The state-of-the-art facility opened in 1999.  ARMC is located on a 70-acre campus in Colton, California, and is a designated Level II trauma center.  Trauma centers are licensed hospitals designated by a local Emergency Medical Services Agency (LEMSA) as a trauma center.  They include personnel, services, and equipment necessary for the care of trauma patients.  All trauma centers must have a multidisciplinary trauma team and an emergency department.  Level I and Level II trauma centers have similar personnel, services, and resource requirements with the greatest difference being that Level I's are research and teaching facilities.  ARMC's trauma center is the only Inland Empire Trauma Center certified by the American College of Surgeons.

3.      ARMC also has a regional burn center, a comprehensive stroke center, a behavioral health center, four primary care centers including four family health centers, and provides more than 40 outpatient specialty care services.  ARMC also recently installed a new, state-of-the-art Computed Tomography (CT) scanner and a dual purpose interventional laboratory to enhance care for patients. In keeping with its mission of providing quality health care, a variety of community outreach and wellness programs are offered, including the Breathmobile (asthma education and screening), a Mobile Medical Clinic, an annual Health Fair and a 5K Walk-Run event.

4.      ARMC has a stellar reputation and provides high quality care.  Even though it is a leading hospital in Southern California, ARMC's charges are on average approximately 30 percent lower than competing hospitals in the same geographic region.  Compared to other hospitals in its

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

area, and compared to other hospitals that have comparable reputations and offer comparable high quality services, ARMC's charges are low.

5.    County is informed and believes that defendant United Healthcare Group Inc., through its wholly owned subsidiaries including United HealthCare Services, Inc., United HealthCare Insurance Company, and Optum (collectively "United"), is a fully integrated company that is in the business of insuring and administering health insurance plans. Under the terms of the United Plans, United is obligated to make benefit payments from its own assets (for the fully-insured United Plans) or the assets of the plan itself (for the self-insured United Plans) when individuals insured by one of these plans ("Members") obtain healthcare treatment that is covered by the terms of that plan (a "Covered Service").

6.    County is informed and believes that Defendant Las Vegas Sands Corporation ("LV Sands"), is a self-funded health benefits plan. "Self-funded" means that the LV Sands Plan is not directly operated pursuant to one or more contracts for health insurance. Rather, it is directly responsible for the medical benefits paid pursuant to the LV Sands Plan. County is informed and believes that LV Sands is the sponsor of the LV Sands Plan, and moreover, that LV Sands is the Plan Administrator for the LV Sands Plan. County is informed and believed that the first Patient whose claim is at issue in this action was a beneficiary of the LV Sands Plan when the services were rendered at ARMC.

7.    County is informed and believes that Defendant Mathis Brothers Oklahoma City, LLC ("Mathis Brothers"), is a self-funded health benefits plan. County is informed and believes that Mathis Brothers is the sponsor of the Mathis Brothers Plan, and moreover, that Mathis Brothers is the Plan Administrator of the Mathis Brothers Plan. County is informed and believes that the second Patient whose claim is at issue in this action was a beneficiary of the Mathis Brothers Plan when the services were rendered at ARMC.

8.    County is informed and believes that United has entered into an administrative service agreement with LV Sands and Mathis Brothers to administer their members' health benefits plans (the "Plans").  Pursuant to this agreement, United has actual or ostensible authority to act on behalf of LV Sands and Mathis Brothers for: providing plan documents to plan members;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

communicating with plan members and healthcare providers; verifying member benefits and eligibility to providers; interpreting plan terms and provisions; receiving claims for healthcare services provided to patients; pricing claims for healthcare services provided to patients; processing and administering claims and appeals for healthcare services provided to patients; approving or denying claims and appeals for healthcare services provided to patients; interpreting plan documents; determining whether and how to pay claims for healthcare services provided to patients; issuing remittance advices, claim status reports and explanations of benefits; and making and administering payments.

9.    County is informed and believes that defendant United Medical Resources, Inc. ("UMR") is United's third-party administrator ("TPA") solution and is the nation's largest TPA. More specifically, UMR was involved in the administration of the two Patient claims at issue in this lawsuit.  UMR, United, LV Sands, and Mathis Brothers are collectively referred to as the "Defendants."

10.    County does not know the true names or capacities, whether individual, corporate, associate, or otherwise, of defendant Does 1 through 100, inclusive, and therefore designates those defendants by such fictitious names.  Each of the defendants sued herein as a Doe is legally responsible in some manner for the events and happenings referred to and proximately caused the injuries suffered by County.  County will amend this complaint to allege the true names and capacities of these Does when the same becomes known to County.

11.    County is informed and believes that at all relevant times, each of the defendants was the agent and employee of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

## ARMC'S CHARGES

12.    Like other hospitals, ARMC has standard charges that they bill for health care services County provides to patients.  ARMC, like all California hospitals, annually provides a list of all of its charges (called a "Charge Description Master" or "CDM" or "chargemaster") to the California Office of Statewide Health Planning and Development ("OSHPD").  OSHPD posts all of California's hospitals' CDMs on its website.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

13.     United and UMR have received, and continue to receive, hundreds of bills from the County for services rendered to United members that contain the amounts that County charges for ARMC's various services.  Therefore, United and UMR knew ARMC's charges from this source before, during and after ARMC provided services to the Patients.

14.     County is informed and believes, at all times relevant herein, Defendants knew ARMC's charges for its services.

15.     Hospitals sometimes enter into written contracts with payors to accept reimbursement that is discounted from the hospital's billed charges in exchange for the benefits to the hospital of being a "in-network provider" (*i.e.*, a provider with a written contract with the health plan).  The benefits of being an in-network provider often include, without limitation, (i) the payor agreeing to actively encourage members to use the hospital for elective services (*e.g.*, listing the provider in the provider directory, lower deductibles, copayments and coinsurance for using the provider, not restricting access to the provider for care, etc.), (ii) certainty as to the amount that will be paid so as to avoid disputes, and (iii) a guarantee that the payor will timely reimburse the hospital for the medical services provided to the plans' members in accordance with the terms of the written contract.  Ultimately, as a result of the health plans' active encouragement of its members to use in-network providers, as well as the increased administrative ease for both patients and providers in scheduling, providing, and paying for the medical services, contracted providers typically experience an increased volume of business when contracted with health plans as opposed to being out-of-network.

16.     Conversely, when a hospital, such as ARMC, does not have a written contract with a health plan, such as Defendants, the hospital receives no increased volume of business from the plan, and, indeed, often receives less business from the plan, as the plan actively discourages and restricts its members from receiving their non-emergency care at the out-of-network provider. County is informed and believes that Defendants actively discouraged their members from using ARMC for hospital services and steered patients away from ARMC to other in-network hospitals.

17.     At no time did County agree to accept payments for health care services provided by ARMC to the Patients at rates lower than its full billed charges.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

**EMERGENCY CARE**

18.     Under the federal Emergency Medical Treatment and Active Labor Act ("EMTALA"), Social Security Act section 1867(a), and California Health and Safety Code section 1317, ARMC has a statutory duty to provide emergency services and care to all individuals, including members assigned to Defendants, who present themselves at its emergency department with potentially life-threatening conditions.  Therefore, by law, when members of Defendants present themselves to ARMC's emergency room, ARMC must treat the individual without regard to the person's ability to pay and without first obtaining insurance verification or authorization to provide the treatment.

19.     Likewise, Restatement (Third) of Restitution and Unjust Enrichment section 22, which is the successor to Section 114 of the Restatement (Second) and is titled "Performance of Another's Duty," states:

> (1)     A person who performs another's duty to a third person or to the public is entitled to restitution from the other as necessary to prevent unjust enrichment, if the circumstances justify the decision to intervene without request.
>
> (2)     Unrequested intervention may be justified in the following circumstances:
>
> (a)     the claimant may be justified in paying another's money debt if there is no prejudice to the obligor in substituting a liability in restitution for the original obligation;
>
> (b)     the claimant may be justified in performing another's duty to furnish necessaries to a third person, to avoid imminent harm to the interests of the third person;
>
> (c)     the claimant may be justified in performing another's duty to the public, if performance is urgently required for the protection of public health, safety, or general welfare.
>
> (3) There is no unjust enrichment and no claim in restitution by the rule of this section except insofar as the claimant's intervention has relieved the defendant of an otherwise enforceable obligation.

20.     Section 22 of the Third Restatement also provides as an example of the application of this rule, the duty of a plan to pay a non-network hospital for emergency services:

> [Illustration] 10.  Hospital provides emergency services to patients enrolled with Managed Care Organization, at rates established under a contract designating Hospital a "preferred provider."  The contract

7028066.1

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

expires and is not renewed after the parties fail to reach agreement about price. Hospital continues to provide services to MCO's patients nevertheless. MCO tenders payment for these services at the "preferred" rate fixed by the prior agreement; Hospital demands compensation at the higher, "standard" rate invoiced to uninsured patients. The court finds that there is no contract, express or implied, to fix the price of Hospital's services on either basis. Hospital's right to payment from MCO rests on a claim in restitution under § 22(2)(b); MCO's unjust enrichment is measured by the reasonable value of the services rendered by Hospital ([Restatement (Third)] § 50(2)(b)).

21.    These laws create an implied-in-law contract for Defendants to pay for emergency services. *See Prospect Medical Group, Inc. v. Northridge Emergency Medical Group* (2009) 45 Cal.4th 497, 505; *Bell v. Heritage of Calif.* (2005) 131 Cal.App.4th 211, 216.

22.    In *Bell v. Blue Cross of California* (2005) 131 Cal. App. 4th 211, 220, the California Supreme Court held that when a health plan member receives emergency care from a provider, an implied contract arises between out-of-network providers and a health plan which requires the health plan to reimburse the provider for the services rendered to the member.  The Supreme Court further held that "we do not agree that Blue Cross has unfettered discretion to determine unilaterally the amount it will reimburse a noncontracting provider, without any regard to the reasonableness of the fee."

## BILLING AND PAYMENT

23.    Each Patient received medically necessary care at ARMC after presenting at ARMC's emergency room, and received post-stabilization care at ARMC after the emergency condition was stabilized. After ARMC provided medical care to the Patients, County promptly submitted bills to Defendants in accordance with industry standards, as well as follow up documentation upon request.

24.    County is informed and believes that ARMC's charges are equal to or less than the reasonable and customary value for the services ARMC provided to the Patients, and County is entitled to be reimbursed for those services in at least that amount.  Specifically, by way of example and not limitation, (i) ARMC is one of the leading hospitals in Southern California; (ii) it provides exceptional services to its patients; (iii) it charged Defendants the same fees it charges all other payors; (iii) ARMC's charges are, on average, significantly lower than the rates charged by

1  other hospitals in the same geographic area; (iv) ARMC's charges were appropriate for the high

2  quality and medically necessary care it provided to the Patients; (v) ARMC treats an above-

3  average amount of indigent patients; and (vi) ARMC has a Level 2 Trauma Center and burn unit,

4  meaning that many of the patients treated by County require high acuity, complex, and expensive

5  treatment, including one of the Patients at issue in this action.

6      25.    Defendants have improperly refused to pay ARMC's charges for the healthcare

7  services provided to the Patients.

8      26.    County is informed and believes that Defendants underpaid its bills because

9  Defendants unilaterally determined that the charges were higher than what Defendants wanted to

10 pay.

11     27.    Defendants' failures and refusals have resulted in County being unpaid or

12 underpaid on claims in an aggregate amount of $667,850, plus interest.  In the alternative, to the

13 extent that the charges are not equal to the amount owed, County has been underpaid in an amount

14 to be proven at trial.

15 <u>**DEFENDANTS' MISREPRESENTATIONS**</u>

16     28.    Defendants are also liable to County because they repeatedly misrepresented the

17 nature of the Patients' coverage for the healthcare services provided by ARMC.

18     29.    **Mathis Brothers Plan Member.** The Mathis Brothers Patient was admitted to the

19 Hospital on January 26, 2018, with severe gasoline burns to approximately 40% of her body.

20 Despite the extraordinary care provided to the Patient in ARMC's burn unit over the one-month

21 period that followed, the Patient ultimately succumbed to her burns.

22     30.    Around the time of admission of the Patient, County called Defendants to verify the

23 terms of Mathis Brothers' coverage for this patient. County was informed that the Mathis Brothers

24 Plan would authorize the Patient's inpatient stay for a total of 30-days through February 24, 2020,

25 with a follow-up review date to authorize additional time if needed.

26     31.    Implicit in Defendants' authorization was a promise to pay County the reasonable

27 and customary value for the healthcare services provided by ARMC to the Patient. *See Prospect*

28 *Medical Group, Inc., supra,* 45 Cal.4th at 505; *Bell, supra,* 131 Cal.App.4th at 216.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

32.     Yet, Defendants did not pay as promised. Out of roughly $864,542 in charges incurred by the Mathis Brothers Patient, Defendants chose to pay only $241,065.

33.     County had no reason to expect, based on Defendants' representations, that they would only pay 28% of ARMC's reasonable charges for the care provided to the Patient.

34.     County was harmed by Defendants' false statements in the amount of its underpayment of $623,477 for the care provided by ARMC to the first Patient.

35.     **Las Vegas Sands Plan Member.** The Las Vegas Sands Patient received care at ARMC from April 9, 2018 to April 11, 2018. The Patient's stay was authorized by Defendants as medically necessary around the time of admission.

36.     Implicit in Defendants' authorization was a promise to pay County the reasonable and customary value for the healthcare services provided by ARMC to the Patient. *See Prospect Medical Group, Inc., supra,* 45 Cal.4th at 505; *Bell, supra,* 131 Cal.App.4th at 216.

37.     Yet, Defendants did not pay as promised. Out of roughly $46,718 in charges incurred by the Mathis Brothers Patient, Defendants chose to pay only $2,345.

38.     County had no reason to expect, based on Defendants' representations, that they would only pay 5% of ARMC's reasonable charges for the care provided to the Patient.

39.     County was harmed by Defendants' false statements in the amount of its underpayment of $44,373 for the care provided by ARMC to the second Patient.

40.     For patient confidentiality reasons, the specific Patient claims at issue are not attached to this Complaint, but will be provided to Defendants directly. Notwithstanding, County is informed and believes that Defendants are already aware which patient bills are at issue.

## FIRST CAUSE OF ACTION

### (Promissory Estoppel – Against United/UMR)

41.     County incorporates all allegations set forth in the above paragraphs.

42.     "The elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3)[the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

1   by his reliance.'"  *Granadino v. Wells Fargo Bank, N.A.* (2015) 236 Cal.App.4th 411, 416, as

2   modified (Apr. 29, 2015) (internal citation omitted).

3       43.    Prior to rendering services to each Patient, ARMC specifically verified with

4   United/UMR that the patient had health insurance coverage, that all codes for services to be

5   provided were valid and covered by the patient's health plan, and that no prior authorization was

6   required.

7       44.    United's/UMR's oral and written verifications to ARMC constituted a promise to

8   pay County a fair and reasonable rate for the services provided by ARMC to each patient, and

9   gave rise to a legal duty to County independent of the Employee Retirement Income Security Act

10  of 1974 ("ERISA").

11      45.    It was reasonable and foreseeable that County would rely on United's/UMR's

12  promise to pay a reasonable value for ARMC's services in rendering services to United's/UMR's

13  Members. Accordingly, County billed United/UMR for all of the claims at issue based on

14  United's/UMR's promise to reimburse County at the reasonable value of the services provided.

15      46.    United's/UMR's refusal to pay County the reasonable value of the healthcare

16  services ARMC provided to United's/UMR's Members has caused and continues to cause County

17  to suffer damages in an amount equal to the difference between the reasonable value of ARMC's

18  services and the amounts actually allowed and paid by United/UMR.

19      47.    As a direct and proximate result of Defendants' promises and County's foreseeable

20  reliance, County has been damaged, as will be proven at trial.

21                          **SECOND CAUSE OF ACTION**

22              **(For Negligent Misrepresentation – Against United/UMR)**

23      48.    County incorporates all allegations set forth in the above paragraphs as though fully

24  set forth herein.

25      49.    Prior to rendering services to each patient, ARMC specifically verified with

26  United/UMR that each Patient had health insurance coverage, that all codes for services to be

27  provided were valid and covered by the patient's health plan, and that no prior authorization was

28  required.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

50.     Defendants intended that County would rely on United's/UMR's promise to pay a reasonable value for ARMC's services, and County did, in fact, so reasonably rely when ARMC rendered services to United's/UMR's Members.

51.     Despite Defendants' representations, Defendants have refused to pay County the reasonable value of the healthcare services ARMC provided to United's/UMR's Members.

52.     Defendants' misrepresentations caused and continue to cause County to suffer damages in an amount equal to the difference between the reasonable value of ARMC's services and the amounts actually allowed and paid by United/UMR.

53.     As a direct and proximate result of Defendants' misrepresentations, County has been damaged in an amount to be proven at trial, plus applicable interest.

## THIRD CAUSE OF ACTION

### (Breach of Implied-in-Law Contract – Emergency Services – Against All Defendants)

54.     County incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

55.     Under EMTALA, County has a statutory duty to provide emergency services to all individuals, including Defendants' members, who present themselves at its emergency room needing such services without regard to the individual's ability to pay or his or her possession of insurance benefits.

56.     In *Bell v. Blue Cross of California* (2005) 131 Cal.App.4th 211, 220, the California Supreme Court held that when a health plan member receives emergency care from a provider, an implied contract arises between non-contracted providers and a health plan which requires the health plan to reimburse the provider for the services rendered to the member.  The Supreme Court further held that "we do not agree that Blue Cross has unfettered discretion to determine unilaterally the amount it will reimburse a noncontracting provider, without any regard to the reasonableness of the fee."

57.     *Bell* also recognized the common law *quantum meruit* right of County to payment from third parties like Defendants who are responsible for the services provided, citing

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

Restatement of Restitution section 114 entitled the "Performance of Another's Duty to A Third Person in an Emergency" which provides:

> A person who has performed the duty of another by supplying a third person with necessaries, although acting without the other's knowledge or consent, is entitled to restitution from the other therefor if:
> (a)  he acted unofficiously and with intent to charge therefor, and
> (b)  the things of services supplied were immediately necessary to prevent serious bodily harm to or suffering by such person.

58.    Furthermore, the Patient Protection and Affordable Care Act ("PPACA"), effective March 23, 2010, imposes on insurers a legal obligation to cover emergency services provided at non-contracted hospitals:

> If a group health plan, or a health insurance issuer offering group or individual health insurance issuer, provides or covers any benefits with respect to services in an emergency department of a hospital, the plan or issuer **shall cover emergency services** (as defined in paragraph (2)(B))--
>
> (A) **without the need for any prior authorization determination**;
>
> (B) whether the health care provider furnishing such services is a participating provider with respect to such services;
>
> (C) in a manner so that, if such services are provided to a participant, beneficiary, or enrollee--
>
> (i) **by a** nonparticipating **health care provider with or without prior authorization**; …

42 U.S.C.A. § 300gg-19a (emphasis added).

59.    The PPACA sets out "essential health benefits" that plans must cover, which "shall include at least the following general categories and the items and services covered within the categories: . . . . (B) **Emergency services**. (C) **Hospitalization**. . . ." 42 U.S.C.A. § 18022(b) (emphasis added).  Therefore, under the PPACA, Defendants had a legal duty to pay hospitals, like ARMC, for the emergency and post-emergency hospitalization services provided to its members.

60.    These laws support an implied-in-law contract whereby ARMC was legally required to provide emergency services and care to Defendants' members, upon which Defendants became legally required to pay County for such services at a *quantum meruit* rate for such services.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

61.    ARMC provided emergency services and care to the Patients, who were members and/or insureds of Defendants.  ARMC's services were immediately necessary to prevent serious bodily harm to or suffering by such persons.

62.    County is informed and believes that the Patients paid premiums to Defendants in return for medical insurance and/or coverage under a health care service plan that includes coverage for emergency services and care.  Accordingly, in providing emergency services and care to Defendants' members, County intended to and has conferred a benefit on Defendants. County provided such services with the reasonable expectation of payment from Defendants.

63.    ARMC performed duties that are the responsibility of Defendants by providing emergency medical care its members and insureds.  ARMC provided these immediately necessary medical services with the intent to charge its customary rates for its services.

64.    ARMC's charges are reasonable and customary.  (i) ARMC is one of the leading hospitals in Southern California; (ii) it provides exceptional services to its patients; (iii) it charged Defendants the same fees it charges all other payors; (iii) ARMC's charges are lower than the rates charged by other hospitals in the same geographic area; and (iv) the rates charged by ARMC were appropriate for the high quality and medically necessary care it provided to Defendants' members or insureds.

65.    On information and belief, the systems and methodology used by Defendants for calculating reasonable and customary amounts are not based on the criteria required to be used in calculating the *quantum meruit* payment due, and do not calculate an accurate or fair amount due County based upon ARMC's charges.

66.    Defendants' payments to County were an acknowledgement by Defendants of their responsibility under the implied-in-law contracts to reimburse County for the service provided to their members and/or insureds.  Defendants' unilateral determinations to reimburse County less than ARMC's billed charges are improper.

67.    Accordingly, there is now due, owing and unpaid from Defendants to County an amount to be proved at trial, plus applicable interest.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

**FOURTH CAUSE OF ACTION**

**(For Breach of Implied-In-Fact Contract – Post Stabilization Services  -- Against All Defendants)**

68.     County incorporates all allegations set forth in the above paragraphs as though fully set forth herein.

69.     The conduct between ARMC and Defendants created an implied-in-fact contract whereby ARMC agreed to provide post-stabilization services to the Patients and Defendants agreed to pay County for such services.

70.     As alleged above, after ARMC provided emergency care to the Patients, and the Patients' medical conditions were stabilized, ARMC contacted Defendants to ask if Defendants wished to transfer the Patients or, if not, to verify that ARMC was authorized to provide post-stabilization care.

71.     Defendants chose not to transfer the Patients from ARMC to another hospital, but instead requested that ARMC provide the post-stabilization care.  By requesting that ARMC provide post-stabilization care to the Patients, and by authorizing ARMC to provide such services, Defendants entered into implied-in-fact contracts with County whereby Defendants agreed to reimburse County for the post-stabilization services provided by ARMC.

72.     County did not agree to provide such post-stabilization services at rates lower than ARMC's full billed charges.

73.     Moreover, at the time that Defendants decided not to transfer the Patients to other hospitals, Defendants knew of the rates that ARMC charges for its services.  ARMC's charges are publicly available on OSHPD's website, and Defendants had received, and were continuously receiving, ARMC's claims that contained the rates that ARMC charged for its various services.  If Defendants did not want to pay the rates that ARMC charged for its services, Defendants could have, and should have, transferred the Patients to hospitals that had contracts with Defendants. Having chosen not to transfer the Patients to in-network hospitals, Defendants agreed to pay County at the rates ARMC charges for its services.

/ / /

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

74.     County has performed all of the obligations required of it under its implied-in-fact contracts with Defendants.

75.     County has demanded that Defendants pay for the medical services ARMC provided to the Patients, and has sent claim information to Defendants for pricing, processing and payment.  County has demanded payment from Defendants on numerous occasions, and has objected to Defendants' unilateral decisions to reduce the amount of payment to County for the medical treatment provided to the Patients.

76.     Defendants' payment of any amount is an acknowledgement by Defendants of their responsibility under an implied-in-fact contract to reimburse County for the post-stabilization services provided to the Patients by ARMC.  Defendants' unilateral determinations to reimburse County less than ARMC's billed charges on other claims are improper.

77.     Defendants breached the implied-in-facts contracts to pay the Patients' claims by, reducing payment to County for medical treatment provided to the Patients, at Defendants' request.

78.     As a direct and proximate result of Defendants' breaches, County has been damaged in an amount to be proven at trial, plus applicable interest.

## FIFTH CAUSE OF ACTION

### (Common Count – Against All Defendants)

79.     County reincorporates each of the above paragraphs as though fully set forth herein.

80.     To the extent not covered by a cause of action above, a common count has arisen between County and Defendants for Defendants to pay County for the services rendered by County to the Patients.  County provided Defendants with the details of each underpaid claim covered by the bills in the ordinary course of business, through normal industry standard billing practices.

81.     County has been damaged to the extent that Defendants have not paid the billed charges for the services ARMC provided, in an amount to be proved at trial, but currently exceeding $667,850, plus applicable interest.

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL.: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

## **PRAYER**

WHEREFORE, County prays judgment against Defendants as follows:

1.     For damages in an amount to be proven at trial, plus applicable interest;

2.     For restitution from Defendants in an amount to be proved at trial, plus applicable interest;

3.     For costs and attorneys' fees; and

4.     For such other relief as the Court deems just and appropriate.

Dated:  January 19, 2021                    HOOPER, LUNDY & BOOKMAN, P.C.


By:  _____
                  BRIDGET A. GORDON
        Attorneys for County of San Bernardino

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

7028066.1

1

## **DEMAND FOR JURY TRIAL**

2      County demands a trial by jury of all issues so triable.

3

4    Dated:  January 19, 2021                    HOOPER, LUNDY & BOOKMAN, P.C.

5

6                                               By:  _____

7                                                    BRIDGET A. GORDON
                                                     Attorneys for County of San Bernardino
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

**EXHIBIT B**

COPY

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 20 2021

BY _____
NATHANIEL JOHNSON, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UNITEDHEALTH GROUP INCORPORATED;
Additional Parties Attachment Form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

COUNTY OF SAN BERNARDINO, a governmental entity

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Bernardino Superior Court
247 West Third Street, San Bernardino, CA 92415-0210

CASE NUMBER: *(Número del caso):*
CIV SB 2 1 0 2 5 9 0

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Katherine M. Dru/Bridget A. Gordon, Hooper Lundy & Bookman, P.C., 1875 Century Park East, Suite 1600, Los Angeles, CA 90067
(310) 551-8111

DATE: JAN 19 2021
*(Fecha)*

Clerk, by **Nathaniel Johnson**, Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**SUM-200(A)**

| SHORT TITLE:<br><br>County of San Bernardino v. UnitedHealth Group Incorporated et al. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

UNITED HEALTHCARE SERVICES, INC.; UNITEDHEALTHCARE INSURANCE COMPANY; OPTUM SERVICES, INC.; UNITED MEDICAL RESOURCES, INC.; LAS VEGAS SANDS CORP; MATHIS BROTHERS OKLAHOMA CITY. LLC; and DOES 1-100, inclusive,

Page _____ of _____

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**EXHIBIT C**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Bridget A. Gordon (State Bar # 287098)<br>Hooper, Lundy & Bookman, P.C.<br>1875 Century Park East, Suite 1600<br>Los Angeles, CA 90067<br><br>TELEPHONE NO: 310.551.8175　　　FAX NO. *(Optional):* 310.551.8181<br>E-MAIL ADDRESS *(Optional):* bgordon@health-law.com<br>ATTORNEY FOR *(Name):* County of San Bernardino | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **COUNTY OF SAN BERNARDINO**
　STREET ADDRESS: 247 West Third Street
　MAILING ADDRESS:
　CITY AND ZIP CODE: San Bernardino, CA 92415
　BRANCH NAME: San Bernardino

PLAINTIFF/PETITIONER: County of San Bernardino

DEFENDANT/RESPONDENT: Unitedhealth Group Incorporated, et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV SB 2102590 |
|---|---|

TO *(insert name of party being served):* MATHIS ~~BROTHERS~~ Bros OKLAHOMA CITY , LLC

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: March 4, 2021

Bridget A. Gordon　　　　　　　　　　　　　　　▶ *B A Gordon*
　　(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☐ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* Summons; Complaint; Civil Case Cover Sheet and Addendum; Initial Trial Setting Conference Statement; and Notice of Trial Setting Conference and Notice of Case Assignment

*(To be completed by recipient):*

Date this form is signed: March 4, 2021

James C. Prince　　　　　　　　　　　　　　　▶ *[signature]* Attorney
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,　　(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)　　　　　ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

**EXHIBIT D**

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Katherine M. Dru (280231)/Bridget A. Gordon (287098
Hooper Lundy & Bookman, P.C.
1875 Century Park East, Suite 1600, Los Angeles, CA 90067

TELEPHONE NO.: (310) 551-8111        FAX NO. (Optional):
ATTORNEY FOR (Name): Plaintiff County of San Bernardino

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 20 2021

BY _____
NATHANIEL JOHNSON, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415-0210
BRANCH NAME: San Bernardino District

CASE NAME:
County of San Bernardino v. UnitedHealth Group, Inc. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | CIV SB 2 1 0 2 5 9 0 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE: |
| | | DEPT.: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | Enforcement of Judgment |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | Miscellaneous Civil Petition |
| [ ] Professional negligence (25) | Judicial Review | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| Employment | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
          issues that will be time-consuming to resolve                 courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence                    court
                                                                 f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): promissory estoppel, negligent misrepresentation, breach of implied-in-law contract , breach of implied-in-fact contract, and common count
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 19, 2021

Bridget A. Gordon                                             BAGordon
_____                            _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; |
|---|---|---|
| Judicial Council of California | | Cal. Standards of Judicial Administration, std. 3.10 |
| CM-010 [Rev. July 1, 2007] | | www.courts.ca.gov |

**EXHIBIT E**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues**:
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

    _____
    (TYPE OR PRINT NAME)

    _____
    (SIGNATURE OF PARTY OR ATTORNEY

    _____
    (TYPE OR PRINT NAME)

    _____
    (SIGNATURE OF PARTY OR ATTORNEY

**EXHIBIT F**

ORIGINAL

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

CIV SB **2 1 0 2 5 9 0**

County of San Bernardino

CASE NO.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

UnitedHealth Group Incorporated

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☒ General            ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☒ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Arrowhead Regional Medical Center | | 400 N. Pepper Avenue | |
|---|---|---|---|
| NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | | ADDRESS | |
| Colton | CA | | 92324 |
| CITY | STATE | | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on January 20, 2021 _____ at Los Angeles _____, California

*B A Gordon*

*Signature of Attorney/Party*

### CERTIFICATE OF ASSIGNMENT

13-16503-360,
Rev 06-2014 Mandatory

RECEIVED

JAN 2 0 2021

SUPERIOR COURT OF CALIFORNIA
SAN BERNARDINO COUNTY